

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.   Crim. No. 21- 475 (PAD)

RADAMES BENITEZ-CARDONA,
Defendant.

## PLEA and FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Radames Benitez-Cardona, and Defendant's counsel, Michael Corona-Muñoz, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Count One: Conspiracy to commit Federal Funds Bribery from in or around June 2017 until in or about July 2021, in violation of Title 18 U.S.C. §§ 371 and 666(a)(1)(B).

2. **Maximum Penalties**

The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of five years, pursuant to 18 U.S.C. § 371; a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. §

Case 3:21-cr-00475-PAD   Document 38   Filed 11/30/22   Page 2 of 14

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00). The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 18 U.S.C. § 371 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2C1.1(a)(1) | 14 |
| Offense involved more than one bribe pursuant to U.S.S.G. § 2C1.1(b)(1) | +2 |
| Offense involved a loss amount more than $40,000.00 pursuant to U.S.S.G. §2B1.1(b)(1)(D) ($51,750.00)[1] | +6 |
| Offense involved an elected public official or high-level decision maker pursuant to U.S.S.G. § 2C1.1(b)(3) | +4 |

---

[1] The parties are aware that under the guidelines, the loss calculation is the greater of the bribe paid or the benefit received as a result of the bribe, in this case profit made on municipal contracts. However, for the purposes of this plea agreement, the parties are calculating the loss as equal to the three bribe payments listed as overt acts in the Indictment.

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 18 U.S.C. § 371 | | | | | |
|---|---|---|---|---|---|
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **23** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 46-57 | 51-63 | 57-71 | 70-87 | 84-105 | 92-115 |

**8. Sentence Recommendation**

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that a sentence within the stipulated Guideline Range would constitute a reasonable sentence; however, the parties agree that the defendant may request a sentence of 30 months imprisonment, while the government reserves the right to recommend a sentence of up to 46 months imprisonment.

The parties agree any request by the defendant for a sentence of imprisonment below 30 months and any request by the government for a sentence of imprisonment above 46 months will constitute a material breach of the Plea Agreement.

**9. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

**10. Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level 23 as

Case 3:21-cr-00475-PAD   Document 38   Filed 11/30/22   Page 5 of 14

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement or accompanying Supplement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. Satisfaction with Counsel

Defendant is satisfied with counsel, Michael Corona-Muñoz, Esq., and asserts that counsel has rendered effective legal assistance.

13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

Case 3:21-cr-00475-PAD   Document 38   Filed 11/30/22   Page 6 of 14

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**



This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico, the Public Integrity Section of the Criminal Division of the U.S. Department of Justice, and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and accompanying Supplement.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

19. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted. Additionally, in the event of such a breach, the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant at any time, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any interviews, conversations, or debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the

Case 3:21-cr-00475-PAD   Document 38   Filed 11/30/22   Page 9 of 14

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights arising under these rules.

20. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

21. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including, but not limited to, the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

22. **Forfeiture Provision**

Defendant agrees to waive and forgo any interests or claims over the following:

1. $51,750.00 US Currency.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument,

Case 3:21-cr-00475-PAD   Document 38   Filed 11/30/22   Page 10 of 14

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be

binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

COREY R. AMUNDSON
Chief, Public Integrity Section
Department of Justice

_____
Seth Erbe
Assistant U.S. Attorney
Chief, Financial Crimes and
And Public Corruption
Dated: 11/30/2022

_____
Scott Anderson
Assistant U.S. Attorney
Dated: 11/30/22

_____
Nicholas Cannon
Trial Attorney
Dated: 11/30/2022

FOR DEFENDANT:

_____
Michael Corona-Muñoz, Esq.
Counsel for Defendant
Dated: 11/30/2022

_____
Radames Benitez-Cardona
Defendant
Dated: 11/30/22

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 11/30/22

Radames Benitez-Cardona
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 11/30/2022

Michael Corona-Muñoz, Esq.
Counsel for Defendant

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Radames Benitez-Cardona ("Defendant") admits that Defendant is guilty as charged in the Indictment and admits the following:

Defendant was Assistant to the Mayor of Trujillo Alto from 2009 until approximately December 2021. Individual A was the owner and had a financial interest in a waste management company. Individual B was the owner and had a financial interest in an asphalt and paving company.

In early 2017, Individual B, who already had contracts with the municipality of Trujillo Alto since 2016, began to negotiate to secure a municipal contract for trash collection for Individual A with Trujillo Alto. Defendant agreed that Individual B would pay Defendant a $ .75 per house kickback each month in exchange for Defendant taking steps to secure the contract for Individual A's company. Considering there were 23,000 houses in Trujillo Alto, the kickback would be approximately $17,250.00 monthly. The contract between Trujillo Alto and Individual A's company was signed on June 28, 2017. Thereafter, in approximately July 2017, Defendant began accepting the agreed upon monthly kickback and continued to accept the monthly kickback until July 2021. More specifically, Defendant accepted the following kickbacks from Individual B on behalf of Individual A: May 22, 2021, $17,250.00 at the Plaza Escorial Shopping Center; June 12, 2021, $17,250.00 at a local McDonald's restaurant; and July 25, 2021, $17,250.00 at either Plaza Escorial or Plaza Encantada. In addition, Defendant agreed to give a portion

U.S. v. Radames Benitez-Cardona, Crim. No. 21-475 (PAD)

of the kickback money to Jose Cruz-Cruz, the Mayor of Trujillo Alto.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence which would have proven beyond a reasonable doubt that from in or around June 2017 until in or around July 2021, Defendant, a public official, conspired with Individuals A and B to corruptly accept or agree to accept things of value intending to be influenced and rewarded in connection with any business, transaction, or series of transactions between Individual A's company and the Municipality of Trujillo Alto.

The evidence would have proved that in all the years from 2017 to 2021, Trujillo Alto received federal benefits in excess of $10,000. All discovery was timely provided to Defendant.

_____
Scott Anderson
Assistant U.S. Attorney
Dated: 11/30/22

_____
Michael Corona-Muñoz Esq.
Counsel for Defendant
Dated: 11/30/2022

_____
Nicholas Cannon
Trial Attorney
Dated: 11/30/2022

_____
Radames Benitez-Cardona
Defendant
Dated: 11/30/22